```
JAN VARZALLY,                     )
                                  )  Civil Action
            Plaintiff             )  No. 09-cv-6137
                                  )
       vs.                        )
                                  )
SEARS, ROEBUCK & CO.,             )
   doing business as              )
   Sears Stores at Coventry Mall; )
SEARS HOLDINGS CORPORATION; and   )
SEARS BRANDS, LLC,                )
                                  )
            Defendants            )
```

\* \* \*

APPEARANCES:

       ROBERT F. HORN, ESQUIRE
       DIANA MARK, ESQUIRE
            On behalf of Plaintiff

       ROBERT L. SANZO, ESQUIRE
            On behalf of Defendants

\* \* \*

O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

       Plaintiff initiated this product liability action on October 15, 2009 by filing a three-count Complaint in the Court of Common Pleas of Berks County, Pennsylvania. The Complaint alleges that plaintiff was employed in lawn mower service and repair, and was injured while using a defective "high impact Craftsman socket" purchased at the Sears store at Coventry Mall

in Pottstown, Pennsylvania.[1]  Specifically, plaintiff alleges that on October 19, 2007, while he was using the socket to loosen a bolt on a large riding lawn mower, the socket cracked, causing plaintiff injury to his body, including to his neck, right shoulder and right arm.[2]

The Complaint alleges damages in excess of $50,000 and alleges that plaintiff incurred damages from medical treatment, physical therapy, and wage losses from having to take time off work.  Moreover, the Complaint alleges that plaintiff "is still experiencing medical problems from said injury."[3]

Defendants removed the action to federal court by Notice of Removal filed December 23, 2009.  The Notice of Removal states that subject matter jurisdiction is proper on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states.  On January 8, 2010, plaintiff filed his within Motion to Remand, contending that this court lacks subject matter jurisdiction because defendants cannot establish that the amount in controversy exceeds $75,000.

Plaintiff contends that, although his Complaint seeks recovery "in excess of $50,000", defendants cannot show that he

---

[1] Complaint, paragraphs 2, 6-7.

[2] Complaint, paragraph 9.

[3] Complaint, paragraph 10.

could recover more than $75,000 for purposes of establishing diversity jurisdiction. In support of this contention, plaintiff avers that his wage loss is limited because he has returned to work and the workers compensation lien totals $20,863.19.[4] Moreover, plaintiff notes that he has not sought punitive damages and does not allege a bad faith claim, further limiting his damages.

Defendants contend that remand is improper because it cannot be determined with legal certainty that plaintiff cannot recover more than $75,000. Moreover, they contend that for purposes of establishing jurisdiction, the amount in controversy is determined from the allegations set forth in the Complaint, not from averments by counsel in a motion for remand. Defendants assert that, based on plaintiff's allegations of personal injuries, ongoing medical treatment and lost wages, it does not appear to a legal certainty that plaintiff cannot recover more than $75,000. Additionally, defendants contend that plaintiff's unwillingness to sign a proposed stipulation limiting damages to $75,000 constitutes a tacit admission that plaintiff could, in fact, recover more than that amount.

---

[4] Plaintiff's motion avers that the lien totals $20,415.35. At oral argument, plaintiff's counsel stated that that total was as of January 2010, and that the updated lien totals $20,863.19. A review of the Affidavit of Debra Cetti filed June 9, 2010, together with attached current medical and indemnity logs, confirms this higher amount.

Any civil action brought in state court may be removed to the federal district court embracing the place where the action is pending, if the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). However, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

Title 28, United States Code, Section 1332(a)(1) gives district courts original jurisdiction to hear civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. The party asserting diversity jurisdiction bears the burden of proof by a preponderance of the evidence. McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006).

The amount in controversy is generally determined from the face of the complaint itself. It is "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus v. Shiley Inc., 989 F.2d 142, 145-146 (3d Cir. 1993). See also Valley State Farm Fire and Casualty Co., 504 F.Supp.2d 1, 3 (E.D.Pa. 2006) (Shapiro, S.J.).

Where, as here, plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case must be remanded "if it appears

to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007)(citing Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392 (3d Cir. 2004)).

Determining the amount in controversy begins with a reading of the complaint filed in state court. Frederico, 507 F.3d at 197. In addition, "to determine whether the minimum jurisdictional amount has been met in a diversity case removed to federal court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court." Id.

Here, plaintiff's Complaint alleges that plaintiff sustained injuries to his neck, right shoulder and right arm, requiring medical treatment and physical therapy.[5] Plaintiff further alleges that he incurred wage losses from having to take time off from work to recover from his injuries.[6] Moreover, plaintiff alleges that, as of the filing of the Complaint, he "is still experiencing medical problems from the said injury."[7]

The Notice of Removal states that the amount in controversy exceeds $75,000 and characterizes plaintiff's allegations as having "sustained undefined injuries to his body,

---

[5] Complaint, paragraphs 9-10.

[6] Complaint, paragraph 10.

[7] Id.

including his neck, right shoulder and right arm, and that plaintiff continues to suffer from undefined medical problems resulting from the alleged injuries. The Complaint also alleges that the plaintiff sustained undefined lost wages as the result of the alleged injuries."[8]

Here, based on the allegations in the Complaint, it does not appear "to a legal certainty" that the plaintiff *cannot* recover the jurisdictional amount. Frederico, 507 F.3d at 197. Although plaintiff contends in his motion to remand that his wage loss is limited because he has returned to work, the amount in controversy is generally determined from the face of the complaint itself, not counsel's averments. See Angus, 989 F.2d at 145-146.

Moreover, even assuming wage damages are limited to the $20,863.19 workers compensation lien, a reasonable reading of plaintiff's claims suggests that he could recover in excess of $75,000 for damages sustained as a result of ongoing "medical problems". Angus, 989 F.2d at 145-146; Complaint, paragraph 10. Plaintiff's Complaint filed October 15, 2009, nearly two years after his injury was sustained on October 19, 2007, alleges that he "is still experiencing medical problems" as a result of the injury. A jury could reasonably award more than $75,000 in damages under such circumstances.

Accordingly, I deny the motion to remand.

---

[8] Notice of Removal, paragraph 5.